IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIDDELL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| XENITH, LLC, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Riddell, Inc. ("Riddell" or "Plaintiff") alleges the following claims against Defendant Xenith, LLC ("Xenith" or "Defendant"):

## THE PARTIES

1. Plaintiff Riddell is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois 60018.

2. Riddell is a leading supplier of protective sports equipment, including football helmets.

3. Upon information and belief, Defendant Xenith is a limited liability company formed under the laws of Delaware, with its principal place of business located at 1201 Woodward Avenue, Detroit, Michigan 48226.

4. Upon information and belief, Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including football helmets.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant engages in business within this district, and has placed infringing products into the stream of commerce by shipping products into this district (and/or knowing that the products would be shipped into this judicial district), and such infringing products have been sold and used in this district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## COUNT I
## Patent Infringement of U.S. Patent No. 8,938,818

8. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

9. Plaintiff is the owner by assignment of U.S. Patent No. 8,938,818, which was duly and lawfully issued by the United States Patent and Trademark Office on January 27, 2015, titled "Sports Helmet" ("the '818 patent"). A true and correct copy of the '818 patent is attached as Exhibit A and made a part hereof.

10. Regarding the '818 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

11. Defendant has had knowledge of the '818 patent at least as of the date of the service of this Complaint.

12. Defendant has at no time been licensed under the '818 patent.

13. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '818 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the

United States products that embody one or more claims of the '818 patent, including without limitation football helmets identified with the EPIC and X2E model names.

  14. By way of example, independent claim 41 of the '818 patent recites as follows:

> A football helmet comprising:
> a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
> a front region,
> a crown region,
> a rear region,
> two side regions wherein each side region has an ear flap with an ear opening,
> a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,
> a first plurality of elongated vent openings in the shell, wherein said first plurality of vent openings reside outside of the raised central band and are aligned along a first side of the raised central band;
> a second plurality of elongated vent openings in the shell, wherein said second plurality of vent openings reside outside of the raised central band and are aligned along a second side of the raised central band;
> a face guard secured to the shell by a plurality of connectors; and
> a chin strap assembly that releasably secures the helmet to the wearer.

  15. By way of further example, independent claim 62 of the '818 patent recites as follows:

> A football helmet comprising:
> a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
> a front region,
> a crown region,
> a rear region,
> two side regions wherein each side region has an ear flap with an ear opening,
> a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,
> a first plurality of elongated vent openings in the shell, wherein said first plurality of vent openings are positioned beyond the raised central band and are aligned along a first side of the raised central band;
> a second plurality of elongated vent openings in the shell, wherein said second plurality of vent openings are positioned beyond the raised central band and are aligned along a second side of the raised central band;

a face guard secured to the shell by a plurality of connectors; and

a chin strap assembly that releasably secures the helmet to the wearer.

16. Images of an example of the Xenith EPIC Varsity helmet are shown below (source: http://www.xenith.com/products/epic-helmet):



17. Images of an example of the Xenith X2E Varsity helmet are shown below (source: http://www.xenith.com/products/x2e-varsity-helmet):



- 5 -

18. Images of an example of the Xenith X2E Youth helmet are shown below (source: http://www.xenith.com/products/x2e-youth-helmet):



19. Each of the Xenith EPIC Varsity, X2E Varsity, and X2E Youth helmets includes each and every limitation of one or more claims of the '818 patent, including at least claims 41-49, 51-52, 58, and 62-65. Each of the X2E Varsity and X2E Youth helmets additionally include each and every limitation of at least claims 54, 56, and 57 of the '818 patent.

20. Defendant's infringement of the '818 patent is willful at least as of the date of the service of this Complaint.

21. Plaintiff has been injured and damaged by Defendant's infringement of the '818 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## COUNT II
## Patent Infringement of U.S. Patent No. 8,528,118

22. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

23. Plaintiff is the owner by assignment of U.S. Patent No. 8,528,118, which was duly and lawfully issued by the United States Patent and Trademark Office on September 10, 2013, titled "Sports Helmet" ("the '118 patent"). A true and correct copy of the '118 patent is attached as Exhibit B and made a part hereof.

24. An Ex Parte Reexamination Certificate for the '118 patent issued on September 9, 2014. A true and correct copy of the Ex Parte Reexamination Certificate for the '118 patent is attached as Exhibit C and made a part hereof.

25. Regarding the '118 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

26. Defendant has had knowledge of the '118 patent at least as of the date of the service of this Complaint.

27. Defendant has at no time been licensed under the '118 patent.

28. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '118 patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '118 patent, including without limitation football helmets identified with the EPIC and X2E model names.

29. By way of example, independent claim 1 of the '118 patent recites as follows:

> A football helmet comprising:
> a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
> a front region,

a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening,
a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,
a first plurality of vent openings formed in the shell outside of the raised central band, wherein the first plurality of vent openings are aligned, and positioned along a first side of the raised central band; and
a chin strap assembly that releasably secures the helmet to the wearer.

30. By way of further example, independent claim 25 of the '118 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening and a face guard connector,
a raised central band integrally formed in the shell and extending between the crown region and the rear region, the raised central band having a width defined by a pair of opposed side walls that extend transversely from an outer surface of the shell,
a first plurality of vent openings formed in the shell beyond the raised central band, wherein the first plurality of vent openings are aligned, and reside along a first side wall of the raised central band;
a face guard secured to the shell by the face guard connector; and,
a chin strap assembly that releasably secures the helmet to the wearer.

31. By way of further example, independent claim 34 of the '118 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening,

   a raised central band integrally formed as part of the shell and extending across the crown region to the rear region, the raised central band having a width defined by a pair of opposed side walls that extend transversely from an outer surface of the shell, wherein a front extent of the opposed side walls do not converge;
   a first plurality of elongated vent openings formed in the shell outside of the raised central band, wherein the first plurality of elongated vent openings are aligned along a first side wall of the raised central band; and
   a chin strap assembly that releasably secures the helmet to the wearer.

32. Images of examples of the Xenith EPIC Varsity, X2E Varsity, and X2E Youth are provided above at paragraphs 16-18.

33. Each of the Xenith EPIC Varsity, X2E Varsity, and X2E Youth helmets include each and every limitation of one or more claims of the '118 patent, including at least claims 1-2, 5-6, 11-13, 25-28, 30, and 32-37. Each of the X2E Varsity and X2E Youth helmets additionally includes each and every limitation of at least claims 3, 4, and 7 of the '118 patent.

34. Defendant's infringement of the '118 patent is willful at least as of the date of the service of this Complaint.

35. Plaintiff has been injured and damaged by Defendant's infringement of the '118 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment that:

A. Defendant has infringed one or more claims of the '818 patent and the '118 patent, and such infringement is willful at least as of the date of the service of this Complaint;

B. Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or

participation with Defendant, be enjoined from further infringement of the '818 patent and the '118 patent under 35 U.S.C. § 283;

      C.      Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '818 patent and the '118 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with interest;

      D.      This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

      E.      Plaintiff be awarded all actual and compensatory damages; and

      F.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated: April 21, 2016 PERKINS COIE LLP

By   */s/ Rodger K. Carreyn*
Rodger K. Carreyn
RCarreyn@perkinscoie.com
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Gabrielle E. Bina
GBina@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460 (Phone)
(608) 663-7499 (Facsimile)

Douglas L. Sawyer (ARDC#6275849)
DSawyer@perkinscoie.com
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8400 (Phone)
(312) 324-9400 (Facsimile)

*Attorneys for Plaintiff, Riddell, Inc.*